IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MICHAEL ROMELLO GRAVES,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 21-00675-CV-W-GAF-P
Crim. No. 19-00289-CR-W-GAF

## REPLY TO GOVERNMENT'S RESPONSE AND SUGGESTIONS IN OPPOSITION TO MOVANT'S MOTION UNDER 28 U.S.C. § 2255

COMES Movant, MICHAEL ROMELLO GRAVES ("Graves"), appearing *pro se,* and files his Reply to Government's Response and Suggestions in Opposition to Movant's Motion under 28 U.S.C. § 2255, and would show as follows:

## PRELIMINARY STATEMENT

As a preliminary matter, Graves respectfully requests that the Court be mindful that *pro se* pleadings are to be construed liberally. See *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015);*Estelle v. Gamble*, 429 U.S. 97 (1976) (same); and *Haines v. Kerner*, 404 U.S. 519 (1972) (same). He also adopts by reference and in whole his previously filed § 2255 Motion and Memorandum of Law in Support thereof. See Doc. 1.[1]

## REPLY TO GOVERNMENT'S RESPONSE

The thirteen (13) page Government's Response and Suggestions in Opposition to Movant's Motion under 28 U.S.C. § 2255 ("GR") is divided into four (4) main sections: (I) Summary; (II) Factual and Procedural History; (III) Argument and Authorities; and (IV) Conclusion. Graves will reply sequentially to each main section of the GR as follows:

---

[1] "Doc." refers to the Docket Report in the United States District Court for the Western District of Missouri, Western Division in Civil No. 4:21-cv-00675-GAF, which is immediately followed by the Docket Entry Number.

## I. Summary

In the first main section of the GR, the government states that Graves' § 2255 Motion alleges two grounds of ineffective assistance of counsel. The government asserts that the Court should deny the motion because the claims fail as a matter of law, this Court should deny the claims without holding an evidentiary hearing. See Doc. 4 at 1-2.

Graves objects for the reasons stated below and the reasons previously stated in his § 2255 Motion.

## II. Factual and Procedural History

This main section of the GR gives a fair and accurate accounting of the procedural background in this case. See Doc. 4 at 2-5. Graves does not object to this section of the GR.

## III. Argument and Authorities

This main section contends that the two grounds of ineffective assistance of counsel, which according to the government reveals they are conclusory, contrary to the record, and legally insufficient to command relief. Graves points to additional discussion regarding his claims in a memorandum of law. But no memorandum was filed in the case as of the date of this response. Therefore, this Court should deny the claims. This main section of the GR is also divided into three (3) subsections:

### A. Legal Standard

This subsection gives the correct legal standard under *Strickland v. Washington*, 466 U.S. 668 (1984) and its two prong test for determining claims of ineffective assistance of counsel. See Doc. 4 at 5-7. Graves does not object or take exception to this subsection.

### B. Grave's Claims Are Without Merit

In this subsection of the GR, according to the government, Grave's claims regarding pre-plea performance are without merit. With regard to Graves' contention that counsel failed to adequately advise him regarding the guilty plea; failed to conduct an adequate pretrial investigation; and failed to negotiate a favorable plea agreement, the government asserts that the record demonstrates that Graves received a very favorable sentence for his criminal conduct. Of course, this contention did not have anything to do with his sentence. Contrary to the government's assertion, in this case, there was not any reasonable communication from the beginning of his case between graves and his retained attorney, Jonathan Avram Bortnick ("Bortnick") so that he could effectively participate in his defense. Bortnick went see Graves once for about 30 to 45 minutes– Graves told Bortnick everything that happened the day of his arrest. Bortnick never discussed strategy with Graves. From the get go, Bortnick advised Graves to plead guilty and take advantage of the safety valve, as losing at trial would get him 12 years of imprisonment. Bortnick failed to provide sufficient information to Graves so that he could participate intelligently in decisions concerning the objectives of his representation and the means by which they would be pursued. Adequacy of communication depends in part on the kind of advice or assistance that is involved. Bortnick from the beginning had no defense strategy, in fact, he disregarded his obligation to Graves for most part of this case's proceedings.

The government contends that Graves's claim that his counsel failed to conduct an adequate pretrial investigation is a conclusory allegation. Contrary to that conclusory allegation, the government's response to Graves' motion does not include an affidavit from his Bortnick or otherwise challenge the factual assertions in Graves' § 2255 Motion. In his Motion, he makes a

3

specific factual claim based on personal knowledge - that trial counsel predicted a twelve (12) year sentence if he proceeded to trial. Moreover, it is hard to imagine what additional evidence Graves could present to establish what his trial counsel told him in a presumably private conversations. As such, an evidentiary hearing should be held so that Graves may further prove his meritorious claims, resolve facts in dispute between the parties and expand an incomplete record.

The government also contends that there was no error regarding failure to appeal. See Doc. 4 at 9. The government further asserts that Graves has not met his legal burden under *Roe v. Flores-Ortega*, 528 U.S. 470, 474 (2000).

Contrary to the government contention, After sentencing, Bortnick advised Graves not to file a direct appeal. He never mentioned that an appeal was the proper avenue in challenging the erroneous denial of Motion to Suppress. Instead, Bortnick advised Graves that he would not want to appeal his case because it would do him no good as he got the best sentence possible; and appealing could lead to a longer sentence and likely would. However, Graves still wanted him to file a notice of appeal. To meet his constitutional duty, Bortnick had to do more than simply give Graves notice "that an appeal is available or advise that an appeal may be unavailing." *Flores-Ortega*, 528 U.S. at 476-77, 484, 486. Instead, he must have advised Graves "not only of his right to appeal, but also of the procedure and time limits involved and of his right to appointed counsel on appeal." *Id.* Failure to provide such advice constitutes constitutionally deficient performance. *Id.*

Again, this issue was discussed in private conversations between Bortnick and Graves. As such, to resolve this issue, as well as other issues, an evidentiary hearing is necessary in this matter. As the record fails to conclusively establish that Graves did not instruct Bortnick to file a notice of appeal, this Court may grant Graves relief in the form of an out-of-time appeal in the first instance.

4

In the alternative, the Court should hold an evidentiary hearing to expand an incomplete record and resolve this matter.

In the third subsection of the GR, the government contends that an evidentiary hearing is not required to resolve the claims, and this court should deny a certificate of appealability. See Doc. 4 at 10.

In reply, and contrary to the government's contention, as stated before there are facts in dispute between the parties. There is no an Affidavit from Bortnick. Much of the contested grounds occurred in private conversations between Bortnick and Grave. Further, the unedited video footage from Greyhound Bus Terminal on August 29, 2019 should be subpoenaed and an evidentiary hearing is certainly warranted to allow Graves to further prove his meritorious grounds for relief, resolve facts in dispute between the parties and to expand an incomplete record.

## IV. Conclusion

The GR concludes by stating the government respectfully requests that this Court deny Graves's motion seeking to vacate his conviction and sentence. See Doc. 4 at 12.

Graves objects to the government's conclusion and states that for the above and foregoing reasons and the reasons previously states in his § 2255 Motion, Graves' conviction and sentence should be vacated so that he can plea anew. In the alternative, it is respectfully requested that the Court hold an evidentiary hearing for the above referenced reasons.

Respectfully submitted,

Dated: December 3, 2021

MICHAEL ROMELLO GRAVES
REG. NO. 34318-045
FCI COLEMAN LOW
FEDERAL CORR. INSTITUTION
P.O. BOX 1031
COLEMAN, FL 33521

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2021, a true and correct copy of the above and foregoing Reply to Government's Response and Suggestions in Opposition to Movant's Motion under 28 U.S.C. § 2255 was sent via U. S. First Class Mail, postage prepaid, to Bradley Cooper, Assistant United States Attorney at U. S. Attorneys Office, 400 East 9th Street, Room 5510, Kansas City, Missouri 64106.

MICHAEL ROMELLO GRAVES

6

USPS PRIORITY MAIL 2-DAY®

US POSTAGE PAID $8.70
Origin: 77070
12/03/21
4800420059-05

Retail

EXPECTED DELIVERY DAY: 12/08/21

0 Lb 2.30 Oz

C015
1006

SHIP TO:
400 E 9TH ST
KANSAS CITY MO 64106-2607

USPS TRACKING® #
9505 5104 4804 1337 6383 92

INSURED

To schedule free Package Pickup, scan the QR code.

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

PRESS FIRMLY TO SEAL

FROM:

MICHAEL ROMELLO GRAVES
REG. NO. 34318-045
FCI COLEMAN LOW
FEDERAL CORR. INSTITUTION
P.O. BOX 1031
COLEMAN, FL 33521

TO:

Clerk, U. S. District Court
Western District of Missouri
Kansas City - Western Division
400 East Ninth Street
Kansas City, MO 64106

ging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.